UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:

Todd C Fuller,

Debtor.

Case No. 17-16102

Chapter 13

Honorable Janet S. Baer

## AGREED DEFAULT ORDER

THIS CAUSE coming on to be heard upon the Motion for Relief from Automatic Stay filed on behalf of JPMorgan Chase Bank, National Association, (hereinafter referred to as "Movant"), a secured creditor or servicing agent for a secured creditor holding a lien on the Debtor's Vehicle described as a 2015 Subaru XV Crosstrek, VIN: JF2GPAAC8F9320049 (hereinafter referred to as the "Vehicle"), all parties having notice, the Court having jurisdiction and being fully advised:

IT IS HEREBY ORDERED:

1. The current post-petition arrearage, through February 28, 2018, is $1,535.36. The arrears include:

> 4 (November 2018 - February 2018) payments @ $386.00 = $1,544.00; and
> Less funds in Debtor's suspense account in the approximate amount of $8.64.

2. Debtor shall tender the sum of $1,149.36 on or before March 14, 2018 to partially cure the arrears of $1,535.36 through February 28, 2018.

3. In addition to making the regular post-petition payments timely, the Debtor shall cure the remaining arrears of $386.00, by making the following monthly payments directly to JPMorgan Chase Bank, National Association:

> $193.00 on or before April 15, 2018; and
> $193.00 on or before May 15, 2018.

4. If the Debtor fails to timely pay two or more (i) regular monthly payments increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters; (ii) plan payments to the Chapter 13 Trustee; (iii) fails to maintain adequate insurance on the Vehicle; or (iv) Debtor fails to cure the arrears pursuant to paragraph 2 or 3 above, then the Debtor shall be deemed to be in default and the automatic stay shall be terminated as to the Vehicle without further order of this Court, if upon written notice of the default to the Debtor and the Debtor's attorney, and certification of same to the court, the default is not cured within fourteen (14) days from the date the written notice of the default is mailed.

5. The Debtor may avail himself of the cure provision set forth in paragraph 2, 3 or 4 above a total of two (2) times. In the event of the issuance of a third (3rd) Notice of Default, and upon certification of the same to the court, the Automatic Stay will automatically modify without further Order as Debtor will no longer have the right to cure thereunder.

6. The Proof of Claim heretofore submitted by Movant shall stand unaffected and payments made thereunder shall be paid to Movant unless a Notice of Default and Notice of Lifting are presented to the Trustee and filed with the Bankruptcy court.

7. If the Debtor's Bankruptcy case is dismissed or converted to another Chapter, this agreed repayment order shall be void.

8. In the event that Heavner, Beyers & Mihlar, LLC should have to send out any Notices of Default, the Debtor shall pay an extra $75.00 per notice, as additional attorneys' fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period as set-forth in the Notice.

AGREED:

JPMorgan Chase Bank, National Association

/s/ Amanda J. Wiese
Amanda J. Wiese
one of its attorneys
DATED: 23 MAR 2018

Todd C Fuller

_Michelle Mandroiu_
Michelle E. Mandroiu, his attorney

ENTER: _Janet S. Baer_
Bankruptcy Judge

FAIQ MIHLAR (#6274089)
HEATHER M. GIANNINO (#6299848)
AMANDA J. WIESE (#6320552)
ZHIQI WU (#6324870)
CHERYL CONSIDINE (#6242779)
HEAVNER, BEYERS & MIHLAR, LLC
Attorneys at Law
P.O. Box 740
Decatur, IL 62525
bkdept@hsbattys.com
Telephone: (217) 422-1719
Facsimile: (217) 422-1754